﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 191220-52128
DATE: September 29, 2020

REMANDED

Entitlement to service connection for bipolar disorder is remanded.

Entitlement to service connection for posttraumatic stress disorder (PTSD) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from January 1982 to January 1986. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

In March 2018, the Veteran submitted a claim to reopen service connection for bipolar disorder and a claim for service connection for PTSD. An August 2018 rating decision denied reopening the claim for bipolar disorder and denied the claim for PTSD. The Veteran submitted a timely notice of disagreement in August 2019. A November 2019 statement of the case (SOC) reopened and denied the claim for service connection for bipolar disorder and denied service connection for PTSD. On November 27, 2019, after issuance of the SOC, the Veteran opted-into the AMA and selected the Higher-Level Review lane. On December 18, 2019, the Agency of Original Jurisdiction (AOJ) completed its Higher-Level Review based on the evidence of record up to November 27, 2019 and issued an unfavorable decision. The Veteran timely appealed this decision to the Board by requesting the Direct Review lane. The Board is bound by the favorable determination that new and relevant evidence has been submitted; the Board consequently will not revisit that issue.

1. Entitlement to service connection for bipolar disorder, not otherwise specified is remanded.

2. Entitlement to service connection for posttraumatic stress disorder (PTSD) is remanded.

The Veteran contends that service-connection is warranted for bipolar disorder. Specifically, the Veteran asserts that prior to entry into the military his brother shot and killed his mother when the Veteran was 15 years old, which traumatized him, and that his military occupational specialty (MOS) as a field artillery crewmember, retraumatized him due to the loud bangs of the cannons. The Veteran reports his job aggravated the PTSD he had as a result of the shooting. He also stated his MOS caused him to panic and have anxiety because it made him relive the experience of his mother being shot. 

The Veteran’s service treatment records (STRs) are silent for any in-service mental health treatment or diagnosis. The Veteran reports a pre-service suicide attempt in 1979 at the age of 20, by a self-inflicted gunshot wound to the chest. The gunshot wound is annotated on his December 1981 entrance examination. 

VA treatment records reflect a diagnosis of bipolar disorder as early as 2003, the earliest associated VA treatment records, and a 2010 diagnosis of PTSD (childhood). 

An October 2019 VA mental disorders examination reflects a diagnosis of long-standing bipolar disorder and pre-service PTSD (childhood). The Veteran stated that he was at home when his brother shot and killed his mother and that he will never forget that sound. He stated that on the cannon crew the loud noise, the bang of the cannon, made him relive the event. The Veteran reported that any sudden noise, like on the 4th of July or a car squeal, brings it back. The examiner’s opinion is unclear and contradictory. The examiner diagnosed bipolar disorder and PTSD (childhood) but then in an opinion stated the Veteran is not diagnosed with an acquired psychiatric disorder, to include bipolar disorder or PTSD at this time. 

Unfortunately, the VA opinion is contradictory and unclear. The opinion is equivocal as to whether the Veteran has a current psychiatric disorder, and does not adequately address the etiology of any such disorder. Accordingly, a remand is necessary to obtain a new VA opinion. 

The matters are REMANDED for the following action:

Arrange to have a different VA examiner than the October 2019 examiner review the electronic claims file, and provide a response to the following:

A. Identify any psychiatric disorders currently afflicting the Veteran. The examiner must specifically indicate whether the Veteran has PTSD and/or bipolar disorder. 

(Continued on the next page)

 

B. With respect to any PTSD identified, the examiner must specify the stressor events on which the diagnosis is based. With respect to any psychiatric disorder other than PTSD diagnosed, the examiner must opine as to whether it is at least as likely as not that such disorder is etiologically related to service. The examiner should provide a complete rationale for all conclusions.

 

 

Thomas H. O'Shay

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Mitchell, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.